T.C. Memo. 2002-157


UNITED STATES TAX COURT



JOSE A. SALAZAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11128-01.                    Filed June 20, 2002.


<u>Alfonso Soto</u>, for petitioner.

<u>Roberta L. Shumway</u> and <u>Kerry H. Bryan</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  Petitioner filed with the Court
a petition for administrative costs pursuant to section
7430(f)(2) and Rules 270 through 274.[1]  In the petition,
petitioner seeks to recover administrative costs in respect of

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

the taxable years 1984 and 1985.

This case is presently before the Court on respondent's motion for judgment on the pleadings, filed pursuant to Rule 120. Because we have considered matters outside of the pleadings, we shall treat respondent's motion as one for summary judgment pursuant to Rule 121. See Rule 120(b).

As discussed in detail below, we hold that there is no dispute as to any material fact, and we shall enter decision for respondent. However, under the circumstances presented, we shall enter decision on the narrow ground that petitioner filed his claim for administrative costs with respondent before respondent mailed to petitioner a final decision regarding petitioner's tax liabilities for 1984 and 1985. See sec. 7430(b)(4).

Background

In 1985, respondent issued a notice of deficiency to petitioner determining deficiencies in, and additions to, his income taxes for 1982 and 1983. Thereafter, in March 1988, respondent issued a notice of deficiency to petitioner determining deficiencies in, and additions to, his Federal income taxes for 1984 and 1985.

Petitioner filed with the Court a petition for redetermination in respect of the notice of deficiency for 1982 and 1983, which petition was assigned docket No. 43255-85. See sec. 6213(a). In contrast, petitioner did not file with the

Court any petition for redetermination in respect of the notice of deficiency for 1984 and 1985.

In October 1988, the Court entered a stipulated decision in docket No. 43255-85 pursuant to the parties' agreement. The decision reflects petitioner's liability for deficiencies in income taxes and additions to tax for 1982 and 1983.

Over the next several years, petitioner attempted to resolve his tax liabilities for 1984 and 1985. During this period, petitioner also requested that respondent abate penalties and interest for 1982, 1983, 1984, and 1985.

By letter dated March 19, 1998, respondent advised petitioner that because of the Court's decision in docket No. 43255-85, respondent would not abate penalties or interest for 1982 or 1983. However, respondent advised petitioner that respondent would abate: (1) Assessments of penalties and interest for 1984 (resulting in a credit balance for that year of $5,451.13); and (2) assessments of tax, penalties, and interest for 1985 (resulting in a credit balance for that year of $6,378.08).

On September 13, 2000, respondent issued to petitioner a notice of final determination under section 6404 disallowing his claim for abatement of interest for 1982 and 1983. Petitioner then filed with the Court a timely petition for review, assigned

docket No. 12440-00, challenging respondent's determination.[2]

On December 8, 2000, petitioner filed with respondent an application for administrative costs for 1982, 1983, 1984, and 1985 under section 7430. On December 15, 2000, respondent wrote to petitioner informing him that his application for administrative costs for 1982 and 1983 was premature in light of his then-pending petition for review of his interest abatement claim in docket No. 12440-00. Respondent did not otherwise respond to petitioner's request for reimbursement of administrative costs for 1984 and 1985.

On March 19, 2001, petitioner filed with the Court a petition for administrative costs, which was assigned docket No. 3806-01, seeking a recovery for 1984 and 1985. On October 23, 2001, the Court entered an order of dismissal for lack of jurisdiction in docket No. 3806-01 on the ground that the petition was not filed with respect to a decision of the Internal Revenue Service granting or denying an application for reasonable administrative costs pursuant to section 7430(f)(2),[3] nor had the

---

[2] On Oct. 22, 2001, the Court entered a stipulated decision in docket No. 12440-00 in which the parties agreed that petitioner was entitled to partial abatements of interest for 1982 and 1983 resulting in overpayments of interest of $1,785 and $2,561, for 1982 and 1983, respectively.

[3] Sec. 7430(f)(2) provides that a taxpayer may file a petition for review with the Court challenging a decision of the Internal Revenue Service granting or denying (in whole or in part) an award for reasonable administrative costs. Generally,
(continued...)

6-month period set forth in section 301.7430-2(c)(6), Proced. & Admin. Regs.,[4] expired as of March 19, 2001--the date that the petition was filed.

In the meantime, on September 6, 2001, petitioner filed with the Court a second petition for administrative costs, which petition initiated the instant case, again seeking a recovery in respect of the taxable years 1984 and 1985. Paragraph 4(b) of the petition states: "On March 19, 1998, Respondent admitted to the erroneous assessments and refunded excess taxes, and abated penalties and interest thereon, showing that Petitioner substantially prevailed as to the amount in controversy and the most significant issues."

In response to the petition, respondent filed a motion for judgment on the pleadings. Respondent asserts that, insofar as petitioner contends that respondent's letter dated March 19,

---

[3](...continued)
such a petition must be filed with the Court no later than 90 days after the date that the Internal Revenue Service mails its notice of decision regarding a request for administrative costs.

[4] Sec. 301.7430-2(c)(6), Proced. & Admin. Regs., provides in pertinent part:

> If the Internal Revenue Service does not respond on the merits to a request by the taxpayer for an award of reasonable administrative costs filed under paragraph (c)(1) of this section within 6 months after such request is filed, the Internal Revenue Service's failure to respond may be considered by the taxpayer as a decision of the Internal Revenue Service denying an award for reasonable administrative costs.

1998, constituted a final decision of the Internal Revenue Service for the years 1984 and 1985 within the meaning of section 7430(b)(4), respondent is entitled to judgment on the ground that petitioner failed to file his application for reasonable administrative costs within 90 days of March 19, 1998, as required by section 7430(b)(4). Petitioner filed an objection to respondent's motion in which he argued that his application for reasonable administrative costs was timely filed with respondent within 90 days of respondent's final determination dated September 13, 2000, that was issued pursuant to section 6404.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for both parties appeared at the hearing and offered oral argument.

During the hearing, counsel for respondent informed the Court that respondent was seeking judgment on the pleadings on the narrow ground that, insofar as the petition appeared to allege that respondent's March 19, 1998, letter was a final decision within the meaning of section 7430(b)(4), petitioner is not entitled to an award of reasonable administrative costs because he failed to file his application therefor with respondent within the 90-day period prescribed in section 7430(b)(4). However, counsel for respondent also informed the Court that respondent considered it "debatable" whether his letter dated March 19, 1998, could be characterized as a final

decision within the meaning of section 7430(b)(4) inasmuch as respondent maintained that petitioner's case involved a collection matter ineligible for an award of reasonable administrative costs. See sec. 301.7430-3(a) and (b), Proced. & Admin. Regs.[5]

During the hearing, counsel for petitioner stated that he was uncertain whether respondent had issued a final decision (within the meaning of section 7430(b)(4)) to petitioner for 1984 and 1985, and that the reference to respondent's March 19, 1998, letter was included in the petition because such letter was the only communication that petitioner received from respondent that arguably constituted a final decision.

Discussion

1. Jurisdiction

The Court's jurisdiction under section 7430 normally is dependent upon the filing of a petition within 90 days after the Commissioner issues a decision granting or denying (in whole or in part) a taxpayer's application for an award of reasonable administrative costs. Sec. 7430(f)(2). However, where the Commissioner fails to issue a decision within 6 months of the filing of such an application, a taxpayer may file a petition

---

[5] We note that respondent's motion to dismiss for lack of jurisdiction filed in docket No. 3806-01 includes an allegation that respondent's letter dated Mar. 19, 1998, does not constitute a final decision within the meaning of sec. 7430(b)(4).

with the Court within the 90-day period following the expiration of such 6-month period.  Sec. 301.7430-2(c)(6), Proced. & Admin. Regs.

Petitioner filed his application for an award of reasonable administrative costs with respondent on December 8, 2000.  The 6-month period referred to in section 301.7430-2(c)(6), Proced. & Admin. Regs., expired with respect to petitioner's application on June 8, 2001.  In light of respondent's failure to issue a decision regarding petitioner's application, petitioner filed with the Court a timely petition on September 6, 2001.  Under the circumstances, there is no dispute between the parties regarding the Court's jurisdiction with regard to this matter.

2.  Petitioner's Claim for Administrative Costs

Section 7430(b)(4) provides:

> (b) Limitations.**--**
>
> (4) Period For Applying To IRS For Administrative Costs.--An award may be made under subsection (b) by the Internal Revenue Service for reasonable administrative costs only if the prevailing party files an application with the Internal Revenue Service for such costs before the 91st day after the date on which the final decision of the Internal Revenue Service as to the determination of the tax, interest, or penalty is mailed to such party.

Section 301.7430-2(c), Proced. & Admin. Regs., provides in pertinent part:

> (5) Period for requesting costs from the Internal Revenue Service.  To recover reasonable administrative costs pursuant to section 7430 and this section, the

taxpayer must file a request for costs no later than 90 days after the date the final decision of the Internal Revenue Service with respect to all tax, additions to tax and penalties at issue in the administrative proceeding is mailed, or otherwise furnished, to the taxpayer.  <u>The final decision of the Internal Revenue Service for purposes of this section is the document which resolves the tax liability of the taxpayer with regard to all tax, additions to tax and penalties at issue in the administrative proceeding (such as a Form 870 or closing agreement), or a notice of assessment for that liability (such as the notice and demand under section 6303), whichever is earlier mailed, or otherwise furnished, to the taxpayer.</u> * * * [Emphasis added.]

In sum, the Commissioner is not obliged to grant an award of reasonable administrative costs unless the taxpayer files a request for such costs no later than 90 days after the date that the Commissioner mails a final decision regarding the tax, additions to tax, and penalties to the taxpayer.

Our review of the record in this case leads us to conclude that respondent did not issue a final decision to petitioner for 1984 and 1985 within the meaning of section 7430(b)(4). Respondent's letter dated March 19, 1998, arguably possesses some of the characteristics of a final decision in that it contains a clear explanation of respondent's computation of petitioner's tax liabilities for 1984 and 1985.  On the other hand, we are not convinced that respondent intended that letter to be considered a final decision.  In addition, the letter is not the equivalent of a Form 870 or formal closing agreement, and it cannot be considered final in the technical sense of the term.

We likewise reject the suggestion made in petitioner's objection to respondent's motion that the notice of final determination issued to petitioner on September 13, 2000, constitutes a final decision within the meaning of section 7430(b)(4). In short, respondent's final determination pursuant to section 6404 is responsive only to petitioner's claim for abatement of interest for 1982 and 1983. The notice of final determination simply does not pertain to petitioner's request for an award of reasonable litigation costs for 1984 and 1985.

The parties agree that respondent has not issued any other document to petitioner that might constitute a final decision within the meaning of section 7430(b)(4). Consistent with the preceding discussion, we shall grant respondent's motion for summary judgment in that we shall enter a decision that petitioner is not entitled to an award of reasonable administrative costs for 1984 and 1985 on the narrow ground that petitioner filed his claim for administrative costs with respondent before respondent mailed to petitioner a final decision regarding petitioner's tax liabilities for 1984 and 1985.[6] See sec. 7430(b)(4).

---

[6] By granting respondent's motion on such narrow ground we leave open the possibility that respondent may yet issue a final decision for 1984 and 1985 that would then permit petitioner to file an application for administrative costs.

In order to reflect the foregoing,

<u>An appropriate order and decision will be entered.</u>